CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
russ@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (858) 375-7385

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ashley Christina McClendon,** | Case No. |
| Plaintiff, | **Complaint for Injunctive Relief and Damages for Violations of:** |
| v. | |
| **Peter Bresler, as an Individual and as the Trustee of the Bressler Trust; and Does 1-10 Inclusive,** | 1. The Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq.; |
| Defendants. | 2. California Fair Employment and Housing Act, Cal. Gov't Code § 12955 et seq.; |
| | 3. California Unruh Civil Rights Act, Cal. Civ. Code § 51; and |
| | 4. Negligence |

1

**INTRODUCTION**

1.     This is an action for injunctive relief and damages against Peter Bresler, as an Individual and in His Capacity as the Trustee of the Bressler Trust, and Does 1-10, inclusive (collectively "Defendants"), for housing discrimination based on disability.

2.     Plaintiff Ashley Christina McClendon ("Plaintiff") alleges that Defendants have discriminated against her by denying her housing opportunities based solely on her disability-related use of an emotional service animal.

3.     This action is brought pursuant to the Fair Housing Amendments Act ("FHAA"), 24 U.S.C. § 3601 et seq., as well as related California statutes. Plaintiff also asserts a claim for negligence, as an additional or alternative theory of liability.

4.     Through this action, Plaintiff seeks injunctive relief, actual and punitive damages, reasonable attorney's fees, and costs of suit.

**JURISDICTION & VENUE**

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States, specifically the Fair Housing Act, 42 U.S.C. §§ 3601-3619.

6.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims because they are related to Plaintiff's federal claims and arise out of a common nucleus of operative facts. Plaintiff's state and federal claims form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in the Southern District of California under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred in this District, the property that is the subject of the action

is situated in this District, and the Defendants conduct business in this District.

## PARTIES

8.     Plaintiff is, and at all times relevant herein was, an individual and resident of the State of California.

9.     Defendant Peter Bresler ("Bresler") is an individual and resident of California.  Bresler is sued as an individual and in his capacity as the Trustee of the Bresler Trust.

10.     Plaintiff is currently unaware of the true identities of Does 1-10, inclusive, and will seek leave to amend her complaint when their true names, capacities, connections, and responsibilities are ascertained.

11.     Plaintiff is informed and believes, and on that basis alleges that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## FACTUAL ALLEGATIONS

12.     Plaintiff is an individual with physical and mental impairments

Complaint

including major depressive disorder, attention deficit hyperactivity disorder-inattentive type, post-traumatic stress disorder, systemic lupus erythematosus, rheumatoid arthritis, and fibromyalgia.

13.     Due to her conditions, Plaintiff is substantially limited in her ability to managing stress and anxiety, experiences chronic pain and fatigue, and is limited in her mobility.

14.     In order to help alleviate the impact and symptoms of Plaintiff's limitations, and to enhance her ability to live independently, Plaintiff's treating doctors have recommended an emotional support animal to assist her.

15.     Plaintiff has resided with her emotional support dog Tinkerbell since 2017.

16.     The symptoms and impact of Plaintiff's impairments have been greatly alleviated since she began living with Tinkerbell.

17.     Bresler is, and at all times relevant to herein was, the owner of the residential rental property located at 2809 Burton Circle, in the Village of Cambria, California (hereinafter "Rental Property").

18.     In July 2020, Plaintiff was looking for a home to rent with her housemated Sarah Gailey and Ryan Boyd.

19.     While searching for a new place to live, Plaintiff and Sarah found an advertisement on Zillow for the Rental Property.

20.     The online advertisement for the Rental Property stated that no dogs were allowed.

21.     On July 25, 2020, Sarah spoke to Bresler about the possibility of leasing the Rental Property.

22.     On July 25, 2020, Bresler sent Sarah an application for the Rental Property.

23.     Plaintiff, Sarah and Ryan filled out the application for the

Complaint

Rental Property on July 25, 2020 and returned it to Bresler along with a forty dollar application fee.  In the application, Plaintiff's emotional service dog (mislabeled by Plaintiff, a layman, as a "service dog") was disclosed.

24.    On July 26, 2020, Bresler sent Plaintiff and Sarah an email identifying Plaintiff's dog as an "issue."  Bresler stated that his "policy has been not to accept dogs, even if service dogs." Bresler then asked for the weight of Plaintiff's dog.

25.    On July 27, 2020 Sarah sent an email to Bresler stating that "Tinkerbell is an elderly 50-lb terrier mix" who "does not bark and has no destructive tendencies or behaviors." The email further stated that Tinkerbell is a "verified emotional support animal" legally required as a "reasonable accommodation." The email also stated that Plaintiff was happy to provide references and/or pay an additional deposit for Tinkerbell.

26.    On July 27, 2020, Bresler emailed Sarah stating that "a 50 pound dog will not be acceptable." A few minutes later, Bresler wrote Sarah again stating: "I think your dog will be a problem with a lot of landlords. I am sure you are attached to her, but at 13 years her life expectancy is limited. Older animals also tend to have problems like urinary incontinence. Is there someone who can take her for you?"

27.    Sarah responded to Bresler's email that same day, stating: "While I appreciate your concern about other landlords, I don't anticipate the dog being an issue elsewhere since she is, as I mentioned, an emotional support animal. Support and service animals are covered by federal ADA laws protecting reasonable accommodation requirements; it is illegal to discriminate against a prospective tenant based on their need for a support or service animal, a law that I anticipate most other landlords will respect."

28.    On July 27, 2020, approximately 45 minutes after Sarah's email, Bresler returned the application fee.

5

29.     There was no further communication between the parties.

30.     At all times relevant herein, Plaintiff's emotional support dog did not pose a direct threat to the health and safety of others.

31.     At no time has Plaintiff's emotional support dog caused substantial physical damage to Defendants' property.

32.     At no time did Defendants engage or offer to engage in an "interactive process" with Plaintiff to discuss or consider her rights as a tenant with disabilities, including her right to reside with an emotional support dog.

33.     Plaintiff has been and continues to be irreparably harmed by Defendants' refusal to allow her to rent the Rental Property without her emotional support dog.

34.     As a person / entity that is in the business of renting housing accommodations, Defendants knew, or should have known that refusing to allow Plaintiff to reside with her emotional support dog is illegal.

35.     Defendants' refusal to rent to Plaintiff on the basis of her disability-related use of an emotional support dog was intentional and/or with reckless disregard of Plaintiff's fair housing rights.

36.     As the direct and proximate result of Defendants' refusal to allow Plaintiff to reside with her emotional dog at the Rental Property, Plaintiff has suffered damages, including loss of housing opportunity, emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, and inconvenience.

37.     At all times relevant herein it was Defendants' policy not to allow residents with disabilities to reside with assistance animals, including service animals or emotional support animals, at the Rental Property.

38.     On information and belief it is currently Defendants' policy not to allow residents with disabilities to reside with assistance animals,

1  including service animals or emotional support animals, at the Rental
2  Property.

3      39.    The nature of Defendants' discrimination constitutes an
4  ongoing violation, Until Defendants' unlawful practices are enjoined,
5  Plaintiff and other similarly situated persons will continue to be denied full
6  and equal use and enjoyment of housing offered by Defendants to the
7  general public and will suffer ongoing and irreparable injury.

8      40.    The unlawful practices of the Defendants as described herein
9  were and are wanton, willful, malicious, fraudulent, or oppressive; were
10  intended to cause injury to Plaintiff; and/or were done in conscious, callous,
11  reckless, or blatant disregard for the federally protected rights of Plaintiff,
12  entitling her to punitive and/or treble damages.

13

14                            **FIRST CLAIM**
15                **Fair Housing Amendments Act of 1988**
16                   **42 U.S.C. § 3601 et seq.**

17      41.    Plaintiff hereby re-pleads, restates, re-alleges and incorporates
18  by reference all the allegations contained in the preceding paragraphs.

19      42.    The Fair Housing Amendments Act of 1988 ("FHAA"), 42
20  U.S.C. § 3601 et seq., prohibits discrimination in the sale, rental, and
21  financing of dwellings, and in other housing-related transactions, based on a
22  number of protected characteristics, including disability.

23      43.    Plaintiff is, and at all times relevant herein was, an individual
24  with a disability as that term is defined by the FHAA and its implementing
25  regulations (42 U.S.C. § 3602(h); 24 C.F.R. § 100.201).

26      44.    The FHAA requires that housing providers modify their
27  policies and procedures to accommodate assistance animals, including
28  emotional support animals.

7

45.    The FHAA does not require that a request for accommodation be made in a particular manner or at a particular time.

46.    The FHAA requires that housing providers engage in an "interactive process" regarding reasonable accommodations requested by individuals with disabilities.

47.    In acting as herein alleged, Defendants have injured Plaintiff by committing discriminatory housing practices, in violation of the FHAA. Defendants' unlawful conduct under the FHAA includes, but is not limited to:

a.    Discriminating in the rental, or to otherwise make unavailable or deny, a dwelling to Plaintiff because of disability of the renter and/or the person associated with the renter, 42 U.S.C. §3604(f)(1);

b.    Discriminating in the terms, conditions or privileges of housing, or in the provision of services or facilities in connection with such housing, 42 U.S.C. § 3604(f)(2);

c.    Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Plaintiff equal opportunity to use and enjoy her housing, 42 U.S.C. § 3604(f)(3)(B); and

d.    Making, printing, or publishing, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination. 42 U.S.C. § 3604(c).

8

Complaint

48.    Plaintiff is an "aggrieved" person within the meaning of the FHAA. 42 U.S.C. § 3602(i)(1).  Plaintiff was denied a housing opportunity based on her use of an emotional support dog.

49.    Defendants' duties under the FHAA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein and were provided actual notice of such duties. Defendants' failure to comply with their fair housing obligations was willful and knowing and/or the product of deliberate indifference.

50.    Pursuant to 42 U.S.C. § 3613(c)(1) and (2), Plaintiff prays for judgment as set forth below.

## SECOND CLAIM
### California Fair Employment and Housing Act
### California Civil Code §12955 et seq.

51.    Plaintiff hereby re-pleads, restates, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

52.    The California Fair Employment and Housing Act (FEHA), Cal. Gov't. Code §12955 et seq. prohibits discrimination in the sale, rental, and financing of dwellings, and in other housing-related transactions, based on a number of protected characteristics, including disability.

53.    Plaintiff is, and at all times relevant herein was, an individual with a disability as that term is defined by California law. Cal. Gov't. Code § 12926.

54.    The FEHA was written to conform California law on the subject of fair housing to the Federal Fair Housing Act.  Accordingly, an analysis under the FEHA mirrors an analysis under the FHAA.

55.     In acting as alleged herein, Defendants have injured Plaintiff by committing discriminatory housing practices, in violation of FEHA. Defendants' unlawful conduct includes, but is not limited to the following:

          a. Discriminating against Plaintiff on the basis of her disability, in violation of Cal. Gov't. Code §12955(a);

          b. Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a housing accommodation that indicates any preference, limitation, or discrimination based on disability, or an intention to make that preference, limitation, or discrimination, in violation of Cal. Gov't. Code §12955(c);

          c. Aiding, abetting, inciting, compelling, or coercing the doing of any of the acts or practices declared unlawful by the FEHA, or attempting to do so, in violation of Cal. Gov't. Code §12955(g);

          d. Discriminating against Plaintiff in making available a transaction, or in the terms and conditions of a transaction, because of Plaintiff's disability, in violation of Cal. Gov't. Code §12955(i); and

          e. Otherwise making unavailable or denying a dwelling based on discrimination because of disability, in violation of Cal. Gov't. Code §12955(k).

56.     Plaintiff is an "aggrieved" person within the meaning of the FEHA. Cal. Gov't Code § 12927(g). Plaintiff was denied a housing opportunity based on her use of an emotional support dog.

57.   Defendants' duties under FEHA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein and were provided actual notice of such duties. Defendants' failure to comply with their fair housing obligations was willful and knowing and/or the product of deliberate indifference.

58.   Pursuant to Cal. Gov't. Code § 12989.2, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM
### California Unruh Civil Rights Act
### California Civil Code § 51 <u>et seq</u>.

59.   Plaintiff hereby re-pleads, restates, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

60.   The Unruh Civil Rights Act ("Unruh Act") provides that individuals with disabilities "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

61.   The Unruh Act applies with "full force to the business of renting housing accommodations." Marina Point, Ltd. v. Wolfson, 640 P.2d 115, 120 (Cal. 1982)(internal citations omitted).

62.   Defendants are in the business of renting housing accommodations, and therefore must comply with the provisions of the Unruh Act.

63.   The provisions of the Unruh Act protect substantially the same rights as FHAA and are subject to the same analysis.

64.   Defendants' violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under the Unruh Act.

Complaint

65.     Defendants' duties under the Unruh Act are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein and were provided actual notice of such duties. Defendants' failure to comply with their fair housing obligations was willful and knowing and/or the product of deliberate indifference.

66.     Pursuant to Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

**FOURTH CLAIM**
**California Disabled Persons Act**
**California Civil Code § 54.1(b) et seq.**
***(Statutory Damages and Attorney's Fees Only)***

67.     Plaintiff hereby re-pleads, restates, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

68.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(b)(1).

69.     The CDPA also provides that "[a]ny person renting, leasing, or otherwise providing real property for compensation shall not refuse to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." Cal. Civ. Code § 54.1(b)(3)(B).

12

Complaint

70.    By unlawfully denying Plaintiff's request to reside with her emotional support dog as a reasonable accommodation for her disabilities, Defendants violated Plaintiff's rights under the CDPA.

71.    Claims of failure to accommodate under California Civ. Code § 54.1 are analyzed under the same standards as the analogous provisions of the FHAA.  Accordingly, Defendants' violation of Plaintiff's rights under FHAA, as set out in Plaintiff's First Claim, also violates Plaintiff's rights under the CDPA.

72.    Defendants' duties under the CDPA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein and were provided actual notice of such duties. Defendants' failure to comply with their fair housing obligations was willful and knowing and/or the product of deliberate indifference.

73.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees.

## FIFTH CLAIM
### Negligence (as an alternate/additional theory of liability)

74.    Plaintiff hereby re-pleads, restates, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

75.    Defendants owed Plaintiff a duty to operate the Rental Property in a manner that was free from unlawful discrimination, and to educate and train themselves and their agents to fulfill that duty.

76.    Defendants negligently violated their duty to Plaintiff by engaging in discriminating based on Plaintiff's disability and need for an emotional support dog. Defendants' violation of that duty was the result of negligence, including but not limited to:

13

a.  The negligent failure to educate and train themselves and their agents regarding the requirements of state and federal fair housing laws; and

b.  The negligent failure to operate the Rental Property in conformity with accepted industry custom and standards.

77.   As the direct and proximate result of the negligence of Defendants as set forth above, Plaintiff suffered a loss of housing opportunity, emotional and physical distress, loss of civil rights, frustration, difficulty, embarrassment, and inconvenience.

78.   Wherefore, Plaintiff prays for relief as set forth below.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Issue an injunction pursuant to the FHAA, FEHA and Unruh Act:

a.  Ordering Defendants to adopt and implement objective, uniform, nondiscriminatory standards in the advertising, operation and management of properties they own and operate, including the Rental Property; and

b.  Ordering Defendants to submit themselves and their agents to fair housing training, including training on the housing rights of individuals who use assistance animals.

*Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*

2.   Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3.   Award Plaintiff punitive damages according to proof;

14

Complaint

4.   Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

5.   Award such other and further relief as the Court may deem just and proper.

Dated: August 25, 2020

By:   /s/ Michelle Uzeta
Michelle Uzeta
Attorneys for Plaintiff

15

Complaint