UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07758-RGK-GJS | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Ashley Christina McClendon v. Peter Bresler et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion for Summary Judgment [DE 40]

## I. INTRODUCTION

On August 26, 2020, Ashley McClendon ("Plaintiff") filed a complaint against Peter Bresler ("Defendant"), individually and as the trustee of the Bresler Trust, alleging discrimination in the rental of a dwelling. Presently before the Court is Defendant's Motion for Summary Judgment under Federal Rule of Civil Procedure ("Rule") 56. For the following reasons, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

## II. FACTUAL BACKGROUND[1]

Plaintiff suffers from several physical and mental impairments, including "major depressive disorder, post-traumatic stress disorder, attention deficit hyperactivity disorder inattentive type, lupus, rheumatoid arthritis, and fibromyalgia." (Statement of Genuine Disputes at 17, ECF No. 41-1.) On July 25, 2020, Plaintiff, along with another proposed applicant, Sarah Gailey, applied to rent a house that Defendant owns.[2] (*Id.* at 2.) Although the advertisement for the rental stated, "no dogs," Plaintiff and Gailey disclosed on the application that the household would include "1 registered support animal (13-year-old terrier mix)." (Bresler Decl., Ex. B at 1.) Over the next two days, Defendant and Gailey exchanged a series of emails. (*See* Bresler Decl., Ex. C.)

---

[1] The following facts are undisputed, unless otherwise noted.

[2] The application also listed Ryan Boyd as a proposed applicant. (Bresler Decl., Ex. B at 1, ECF No. 40-5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07758-RGK-GJS | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Ashley Christina McClendon v. Peter Bresler et al* | | |

Defendant wrote to Gailey, "I received the documents you sent, and there are a few questions, issues. First is the dog. My policy has been not to accept dogs, even if service dogs. What is the weight of the dog?" (*Id*. at 2.) Gailey responded:

> Tinkerbell is an elderly 50-lb terrier mix. She does not bark and has no destructive tendencies or behaviors. She's a verified emotional support animal covered by the ADA as a reasonable accommodation. I'd be happy to provide references, as well as an additional deposit and/or additional pet rent for her.

(*Id*.)

Defendant then wrote:

> [A] 50 pound dog will not be acceptable….it does say that in the ad . . . I think your dog will be a problem with a lot of landlords. I am sure you are attached to her, but at 13 years her life expectancy is limited. Older animals also tend to have problems like urinary incontinence. Is there someone who can take her for you?

(*Id*. at 1.) To which Gailey replied:

> While I appreciate your concern about other landlords, I don't anticipate the dog being an issue elsewhere since she is, as I mentioned, an emotional support animal. Support and service animals are covered by federal ADA laws protecting reasonable accommodation requirements; it is illegal to discriminate against a prospective tenant based on their need for a support or service animal, a law that I anticipate most other landlords will respect.

(*Id*.) Defendant subsequently rejected Plaintiff and Gailey's rental application. (Statement of Genuine Disputes at 11.)

Plaintiff then filed this lawsuit for discrimination. One week later, Defendant sent Gailey an email containing only a link to a webpage on the Americans with Disabilities Act ("ADA"): https://www.ada.gov/service_animals_2010.htm. (Gailey Decl., Ex. M at 8, ECF No. 41-10.)

### III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court may grant summary judgment only where

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07758-RGK-GJS | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Ashley Christina McClendon v. Peter Bresler et al* | | |

"there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

To prevail on a summary judgment motion, the movant must show that there are no genuine issues of material fact as to matters on which he has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Such a showing must establish "beyond controversy every essential element" of the movant's claim or affirmative defense. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). On issues where the moving party does not have the burden of proof at trial, the moving party is required only to show that no evidence supports the non-moving party's case. *See Celotex*, 477 U.S. at 325.

To defeat a summary judgment motion, the non-moving party may not merely rely on her pleadings or on conclusory statements. *See Celotex*, 477 U.S. at 324. Nor may the non-moving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, the non-moving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *See Celotex Corp.*, 477 U.S. at 324.

## IV.  DISCUSSION

Plaintiff alleges that Defendant discriminated against her based on a handicap in violation of the federal Fair Housing Amendments Act ("FHAA") and California's Fair Housing and Employment Act ("FEHA"), and that Defendant was negligent by engaging in discrimination.[3] (Compl., ECF No. 1.) Specifically, Plaintiff alleges that Defendant discriminated against her by (1) refusing to reasonably accommodate her handicaps and (2) making a statement that indicated a preference or limitation based on handicap. Defendant now argues that Plaintiff has failed to offer sufficient evidence to create a genuine dispute that Defendant is liable for any of her claims. The Court addresses each claim in turn.

### A.  FHAA Claims

#### 1.  *Failing to Reasonably Accommodate a Handicap*

The FHAA makes it unlawful to discriminate in the rental of a dwelling based on a handicap of a person that intends to reside in the dwelling after it is rented. 42 U.S.C. § 3604(f)(1). Discrimination

---

[3] Plaintiff abandons her claims brought under California's Disabled Person's Act and California's Unruh Act. (Pl.'s Opp'n at 20, ECF No. 41.) The Court therefore **DISMISSES** those claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07758-RGK-GJS | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Ashley Christina McClendon v. Peter Bresler et al* | | |

includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To establish a claim for refusing to reasonably accommodate a handicap, Plaintiff must prove four elements: (1) Plaintiff "suffers from a handicap as defined by the FHAA"; (2) Defendant "reasonably should have known of [Plaintiff's] handicap"; (3) "accommodation of the handicap 'may be necessary' to afford [P]laintiff an equal opportunity to use and enjoy the dwelling"; and (4) Defendant "refused to make such accommodation." *Giebler v. M & B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003) (quoting *United States v. Cal. Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir. 1997)). Because Section 3604(f)(3)(B) of the FHAA imposes an "'affirmative duty' on landlords . . . to reasonably accommodate the needs of disabled individuals," it must be first shown that the landlord "should reasonably be expected to know of the handicap." *See McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004); *Dubois v. Ass'n of Apartment Owners of 2987 Kalakauu*, 453 F.3d 1175, 1179 (9th Cir. 2006).

Because Defendant only contests the second element (the knowledge element) in his Motion, the question becomes: Is there a genuine dispute about whether Defendant reasonably should have known of Plaintiff's handicap? The Court answers this question "no," finding Plaintiff's evidence insufficient to survive summary judgment on her reasonable accommodation claim.

Plaintiff's evidence—the rental application and the email correspondence between Defendant and Gailey—would not lead a reasonable jury to find that Defendant should have known of Plaintiff's handicap. Although the application and emails clearly describe Tinkerbell the dog as a "registered" and "verified emotional support animal," these facts support merely an assumption that a person who intends to reside at the house with Tinkerbell suffers from a handicap. Without more, a reader is left to speculate that Tinkerbell provides emotional support to one of the potential tenants and that the emotional support is an accommodation for a "mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h) (defining "handicap" under the FHAA). Assumption and speculation are not enough to support a finding that Defendant "reasonably should have known" of Plaintiffs' handicap. And Plaintiff's assertion that Defendant is an experienced physician and landlord who had familiarity with the ADA and support dogs does not provide any evidence of Defendant's knowledge. Because Plaintiff fails to establish an essential element, the Court **GRANTS** summary judgment for Defendant on Plaintiff's claim that Defendant failed to reasonably accommodate her handicaps in violation of Section 3604(f)(3)(B) of the FHAA.

   2.   *Indicating a Preference or Limitation based on Handicap*

The FHAA also makes it unlawful to make a statement "with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . handicap . . . or an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07758-RGK-GJS | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Ashley Christina McClendon v. Peter Bresler et al* | | |

intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c). Plaintiff asserts that the following statement indicates a limitation on renters with a handicap or a preference for renters without a handicap: "My policy has been not to accept dogs, even if service dogs." (Pl.'s Opp'n at 1.) "A statement violates 42 U.S.C. § 3604(c) if the statement, when heard by an ordinary reader, would conclude that the rule suggests a preference." *Iniestra v. Cliff Warren Invs., Inc.*, 886 F.Supp.2d 1161, 1169 (C.D. Cal. July 31, 2012) (citing *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972); *see also Hous. Rts.Ctr. v. Sterling*, 404 F.Supp.2d 1179, 1193 (C.D. Cal. June 2, 2004) (citing *Ragin v. New York Times Co.*, 923 F.2d 995, 999 (2d Cir. 1991)). A showing of subjective intent is not required, but it may "help[] determine the manner in which a statement was made and the way an ordinary [reader] would have interpreted it." *Soules v. U.S. Dep't of Hous. & Urb. Dev.*, 967 F.2d 817, 825 (2d Cir. 1992); *see also Ragin*, 923 F.2d at 1000 ("[T]he intent of the creator of an ad may be relevant to a factual determination of the message conveyed . . . but the touchstone is nevertheless the message." (citation omitted)).[4]

Here, a reasonable jury could find that to an ordinary reader, Defendant's statement indicates a limitation on renters with handicaps that require an accommodation like a service dog. A landlord's policy not to accept renters with dogs, "even if service dogs," could reasonably suggest that persons with service dogs need not apply, therefore limiting any disabled person who depends on a service dog from securing that rental. A reasonable jury could also find, however, that to an ordinary reader Defendant's statement indicates no such limitation. (*See* Order re Pl.'s Mot. Summ. J. at 7 (Defendant's statement could indicate that he does not accept dogs, "even if they are trained.").) Therefore, there is a genuine dispute about whether Defendant's statement indicated a limitation or preference based on handicap. Accordingly, the Court **DENIES** summary judgment on Plaintiff's claim that Defendant indicated an impermissible preference in violation of Section 3604(c) of the FHAA.

### B. FEHA Claims

The FEHA similarly prohibits discrimination for failing to reasonably accommodate a handicap and for making a statement that indicates an impermissible preference. *Compare* 42 U.S.C. §§ 3604(f)(3)(B), 3604(c) *with* Cal. Gov't Code §§ 12927(c)(1), 12955(c). The elements for violations under the FEHA are the same elements for violations under the FHAA. *See Auburn Woods I*

---

[4] Plaintiff asserts that the Court failed to apply this "ordinary reader" standard in its Order denying summary judgment to Plaintiff, (ECF No. 32), and instead considered Defendant's subjective intent in error. The Court, however, disagrees with Plaintiff's interpretation of its Order. With respect to Defendant's statement, the Court stated, "Defendant could have been saying that he does not accept dogs no matter how well trained—like a service dog," simply offering an alternative conclusion that an ordinary reader could draw from the statement. (Order re Pl.'s Mot. Summ. J. at 7.) This alternative conclusion meant that the Court could not grant summary judgment for Plaintiff because there was a genuine dispute about whether Defendant's statement indicated an impermissible preference. (*See id.*) The Court reaches the same conclusion here, finding that there is still a genuine dispute about whether Defendant violated Section 3604(c) of the FHAA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-07758-RGK-GJS | Date | October 21, 2021 |
|---|---|---|---|
| Title | *Ashley Christina McClendon v. Peter Bresler et al* | | |

*Homeowners Ass'n v. Fair Emp. & Hous. Comm'n*, 121 Cal. App. 4th 1578, 1592 (2004). Because the elements are the same, the Court's findings on Plaintiff's FEHA claims are the same as its findings on Plaintiff's FHAA claims. That is, the Court **GRANTS** summary judgment for Defendant as to the reasonable accommodation claim and **DENIES** summary judgment as to the impermissible preference claim.

### C. Negligence Claim

To prevail on a negligence claim, a plaintiff must prove (1) that a defendant owed her a legal duty, (2) that the defendant breached that duty, and (3) the breach caused the plaintiff's injury. *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal. 4th 666, 673 (1993), *rev'd on other grounds*, *Reid v. Google, Inc.*, 50 Cal. 4th 512, 527 n.5 (2010). A violation of the FHAA may constitute a breach of a duty to not discriminate in the rental of a dwelling. *See S. Cal. Hous. Rts. Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F.Supp.2d 1061, 1069 (C.D. Cal. May 20, 2005). Defendant argues that because Plaintiff's FHAA and FEHA claims should fail, her negligence claim should fail too. However, because the Court found that Plaintiff's impermissible preference claims survive summary judgment, there is a genuine dispute regarding negligence. Therefore, the Court **DENIES** summary judgment on Plaintiff's negligence claim.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES in part** and **GRANTS in part** Defendant's Motion for Summary Judgment. Plaintiff's only remaining claims include the following: (1) indicating an impermissible preference in violation of the FHAA (42 U.S.C. § 3604(c)); (2) indicating an impermissible preference in violation of the FEHA (Cal. Gov't Code § 12955(c)); and (3) negligence.

**IT IS SO ORDERED.**

_____ : _____