JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ashley Christina McClendon,**<br><br>Plaintiff,<br><br>v.<br><br>**Peter Bresler, as an Individual and as the Trustee of the Bresler Trust,**<br><br>Defendant. | Case No. 2:20-cv-07758-RGK-GJS<br><br>[Proposed] **Final Judgment**    [78] |

On August 26, 2020, Ashley McClendon ("Plaintiff") filed a Complaint against Peter Bresler ("Defendant"), individually and as the trustee of the Bresler Trust, alleging discrimination in the rental of a dwelling based upon a failure to reasonably accommodate her disability and an indication of an impermissible preference based on disability. (ECF No. 1.)

On October 21, 2021, the Court granted partial summary judgment for Defendant, finding that Plaintiff's claims for failure to reasonably accommodate were foreclosed for lack of reasonable knowledge of Plaintiff's disability. (ECF No. 52.) The Court then held a court trial on the briefs on Plaintiff's remaining claims, ultimately finding in favor of Defendant. (ECF No. 59.) Plaintiff appealed both rulings to the Ninth Circuit.

The Ninth Circuit reversed the Court's grant of summary judgment as to the reasonable accommodation claim, finding that "[a] genuine issue of material fact exists as to whether Bresler knew or reasonably should have been expected to know of McClendon's disability." *McClendon v. Bresler*, 2022 WL 17958633, at *1 (9th Cir. Dec. 27, 2022). The case was remanded for a trial on Plaintiff's remaining claims for (1) failure to reasonably accommodate her disability in violation of the Fair Housing Amendments Act ("FHAA") (42 U.S.C. § 3604(f)(3)(B)); (2) failure to reasonably accommodate her disability in violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code§ 12955(c)); and (3) negligence.

At the pretrial conference, the parties stipulated to a court trial on the briefs. On March 30, 2023, after considering the parties' briefs and the relevant evidence, the Court issued its Order re: Court Trial on

the Briefs, setting forth its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). (ECF No. 77.) The Court found, based on the evidence and argument presented, that Plaintiff had proven that Defendant reasonably should have known of Plaintiff's handicap and accordingly, violated the reasonable accommodation provisions of the FHAA (42 U.S.C. § 3604(f)(3)(B)) and the FEHA (Cal. Gov't Code § 12927(c)(1).) (ECF No. 77 at 3-5.) The Court also found that Plaintiff had proven her negligence claim. (*Id*. at 5.)

The Court is authorized to award damages to Plaintiff for violation of her rights under the FHAA (42 U.S.C. § 3613(c)(1)), the FEHA (Gov't Code § 12989.2), and for negligence. The Court found Defendant to be liable to Plaintiff in the amount of fourteen thousand, eight hundred dollars ($14,800) to compensate her for the out-of-pocket losses she sustained in securing alternative housing. (ECF No. 77 at 5-6.)

The Court declined to order injunctive relief as requested by Plaintiff, finding there to be minimal risk of future violations by Defendant. (ECF No. 77 at 6-7.)

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Judgment is entered in favor of Plaintiff and against Defendant on Plaintiff's FHAA, FEHA and negligence claims;

2. Defendant shall pay Plaintiff compensatory damages in the amount of fourteen thousand, eight hundred dollars ($14,800). Defendant shall satisfy this obligation within thirty (30) days after entry of this Final Judgment.

IT IS FURTHER ORDERED that Plaintiff may file a fee application with this Court and may file an application to tax costs in accordance with Local Rules.

Entry of this Final Judgment is in the public interest. There being no just reason for delay, the Clerk is directed to enter judgment immediately.

Dated: 3/31/2023

*Gary Klausner*
Honorable R. Gary Klausner
United States District Judge