Case 2:20-cv-07758-RGK-GJS   Document 94   Filed 05/28/24   Page 1 of 4   Page ID #:1590

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHLEY CHRISTINA MCCLENDON, | No. 23-55378 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-07758-RGK-GJS |
| v. | |
| PETER BRESLER, as an Individual and as the Trustee of the Bresler Trust, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| DOES, 1-10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 14, 2024
Pasadena, California

Before: COLLINS, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Peter Bresler appeals the district court's judgment in favor of plaintiff

Ashley McClendon following a bench trial on remand from our decision in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*McClendon v. Bresler*, No. 22-55068, 2022 WL 17958633 (9th Cir. Dec. 27, 2022) ("*McClendon I*"). The district court held that Bresler violated the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3604(f)(3)(B); the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12955; and state negligence law when he denied McClendon's rental application because of his "no dogs" policy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

    1.  The district court did not clearly err in finding that Bresler knew or should have known of McClendon's disability. *See Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1106 (9th Cir. 2017). To prevail on a reasonable accommodation claim under the FHAA and FEHA, a plaintiff must establish, among other things, that the defendant had actual or constructive knowledge of the claimed disability. *See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *Auburn Woods I Homeowners Ass'n v. Fair Emp. & Hous. Comm'n*, 18 Cal. Rptr. 3d 669, 679 (Ct. App. 2004). And, as we explained in *McClendon I*, a defendant's actual or constructive knowledge does not require an affirmative disclosure of a prospective tenant's disability. 2022 WL 17958633, at *1 (citing *Or. Bureau of Lab. & Indus. ex rel. Fair Hous. Council of Or. v. Chandler Apartments, LLC*, 702 F. App'x 544, 547 (9th Cir. 2017)). Here,

---

[1] The parties' untimely motion to submit the case on the briefs (Dkt. 35), which was filed shortly before 7:00 PM on the day before the scheduled argument, was denied from the bench when the case was called for argument.

McClendon's rental application disclosed that the prospective household contained "1 registered support animal." Subsequent emails to Bresler from McClendon's co-applicant, Sarah Gailey, further identified the dog as "a verified emotional support animal covered . . . as a reasonable accommodation" and warned that "it is illegal to discriminate against a prospective tenant based on their need for a support or service animal." Bresler also admitted that he typically did not allow dogs to reside in his properties, "even if service dogs." Taking this evidence together, the district court rationally found that Bresler had constructive knowledge of McClendon's disability. *See Chandler Apartments*, 702 F. App'x at 547 (concluding that statements such as "I have an assistance dog" reasonably placed the defendant on notice of the plaintiff's disability status).

Moreover, that Bresler did not communicate with McClendon directly and did not know that the support dog belonged to her specifically does not render the district court's finding clearly erroneous. *See Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 613 (9th Cir. 2020) ("[W]e can reverse only if the district court's findings are clearly erroneous to the point of being illogical, implausible, or without support in inferences from the record."). The FHAA and the FEHA allow any "[a]ggrieved person" who "claims to have been injured by a discriminatory housing practice" to file suit, 42 U.S.C. §§ 3602(i), 3613(a); *see also* Cal. Gov't Code § 12927(g) (same), and McClendon was one of three

3

prospective roommates in a household with a "registered support animal," *cf. id.* § 3604(f)(1) (providing that discrimination under the FHAA extends to acts affecting disabled renters, their roommates, and other associated persons).

    2.  Bresler forfeited his challenge to the district court's award of $14,800 in actual damages to McClendon because he failed to raise this claim before the district court, and none of the exceptions to our general forfeiture rule apply. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Jovanovich v. United States*, 813 F.2d 1035, 1037 (9th Cir. 1987).

**AFFIRMED.**